Stanard, J.
delivered the following as the opinion of the court:
It appears to the court that the issue in fact was tried before any judgment on the demurrer to the declaration, and it does not appear that any judgment was given by the court on the demurrer, otherwise than by implication from the fact that final judgment was given after the verdict. Though, according to the decision of this court in the cases of Green v. Dulany, 2 Munf. 518. and Jones v. Stevenson, 5 Munf. 7. it was irregular to try the issue of fact before judgment on the demurrer, yet if it appeared that the demurrer ought to have been overruled, and so no inconvenience had ensued from that irregularity, it would not be sufficient cause to reverse the judgment. But as it appears to this court, that by reason of the misjoinder of action, (one of the counts in the declaration being in case as for a tort, and the other in assumpsit) the demurrer ought to have been sustained ; and as the plaintiff might (had the right judgment on the demurrer in the court below preceded the trial of the issue) have cured the defect in the declaration by amendment, and from that benefit the irregularity of first trying the issue in fact would have precluded him, the objection founded on this irre *267 gularity becomes substantial, and ought to prevail, so far as to entitle him to have the cause placed in the court below in the position it would have occupied had the irregularity not occurred. The court is therefore of opinion that the judgment be reversed with costs, the verdict set aside, and a new trial of the issue in fact awarded ; and that the cause be remanded to the circuit superior court, that it may proceed to judgment on the demurrer, unless the plaintiff’ should, on leave obtained in that court, amend his declaration ; and if the declaration be amended, for such further proceedings as may be proper on the present pleadings, and such other pleadings as may be offered by either party and admitted by the court.