ALEXANDER R. LINN AND WILLIAM F. LINN v. CALEB K.
GUNN.

| 56 | 447 |
| 118 | 241 |

### *Sale of goods— Warranty—Remedy.*

1  A firm in buying out another dealer waived a previous stipulation for
an inventory and took a bonus in consideration of the waiver.   It
was also agreed that clerical errors in another and earlier inventory
and in the books and accounts of the seller might be adjusted.   The
firm was composed of experienced merchants who knew the stock,
and one of them had helped make the inventory last referred to.
After taking possession the purchasers claimed to find, in the course
of a few months, errors amounting to a large sum, and they filed a
bill for an accounting therefor, asking that the amount thereof be
repaid them.   They alleged in their bill that they had been induced
to purchase on representations by the seller which were untrue.
Actual fraud, however, was not charged and the representations,
even if mistaken, were apparently honest.   *Held,* (1) that the case

was not one of equitable cognizance, the claim being for damages for breach of a contract of sale of personal property and the consideration paid therefor being money or negotiable notes that had passed to innocent holders before suit was brought; (2) such clerical errors as would have required a new inventory were waived by agreement and satisfied by the bonus; other errors apparent on the face of the inventory itself were to be made good by the seller.

2. A binding contract of warranty must express or imply a promise to make good such representations as to the merchandise sold as were relied on by the purchaser in buying; it cannot rest merely on the seller's expressions of an honest opinion, however mistaken it may be.

Appeal from the Superior Court of Detroit. (Chipman, J.) January 27.—April 22.

BILL for accounting. Complainants appeal. Affirmed.

*Jno. Atkinson* and *Isaac Marston* for complainants. Equity having obtained jurisdiction for one purpose should administer complete relief even though there be a remedy at law : *Delafield v. Ill.* 26 Wend. 192 : 2 Hill 159 ; *Osborn v. U. S. Bank* 9 Wh. 845; *Lloyd v. Gurdon* 2 Swanst. 180; *Smith v. Haytwell* Amb. 66; *Hodgson v. Murray* 2 Sim. 515; *Zeigler v. Beasley* 44 Ga. 56; 1 Pom. Eq. Jur. § 221; 2 Story Eq. Jur. § 906.

*Herbert L. Baker* for appellee.

SHERWOOD, J. Complainants, who were coffee and spice merchants, on the 16th of November, 1882, purchased from the defendant, who was also engaged in the same kind of business, all the store property, fixtures and stock in trade of every description contained in store 120 Jefferson avenue, in the city of Detroit. The contract of purchase was made in writing, which provided for an inventory to be immediately taken of the property purchased, the prices to be determined by those appearing in an inventory but a short time before made by the complainant Alexander R. Linn and one F. K. Walker, for the purpose of an accounting between defendant Gunn and a former partner named McCarthy, composing the firm, C. K. Gunn & Co., and who formerly owned the stock. The goods were to be paid for at prices twenty-five per cent. below those mentioned in the latter inventory. The inven-

tory to be taken was to be completed, and the whole transaction between the parties settled and closed up, on or before. the 18th of November, or within two days after the contract was made. For the purpose of making the new inventory the complainants took the Walker and Linn inventory and proceeded to verify its correctness, but found they could not get it ready by the 18th, and the parties being very anxious to close up the business, on that day entered into the following agreement:

"DETROIT, November 18, 1882.

A full settlement is made this day betwixt C. K. Gunn & Co. and A. R. and W. F. Linn, with this understanding: The taking of the inventory to be waived, and in consideration of this, C. K. Gunn & Co. are to allow A. R. and W. F. Linn a bonus of two hundred and fifty dollars ($250). In addition to this, all clerical errors are to be adjusted which may be found on the inventory as appraised by F. K. Walker and A. R. Linn, and on the books of sales and accounts of C. K. Gunn & Co. since taking said inventory. The errors include taxes on teas, and also any goods that have been included in inventory, that have been returned to parties purchased of, or otherwise disposed of by their order.

C. K. GUNN & Co."

In pursuance of the contract, as modified by this agreement, the defendant delivered over the stock purchased to the complainants, and received the purchase price therefor in money and notes (less the bonus of $250), as required by its terms.

The complainants aver in their bill of complaint that the Walker and Linn inventory was made on the 10th day of October, 1882, and that the defendant continued his sales from the stock from that time to the time he made his contract with complainants; that the defendant represented to the complainants, at the time the agreement of the 18th of November was made, that "he had kept a careful and accurate account of his sales, and had sold goods on the whole at something more than the prices fixed by the inventory and appraisement; and that the goods on hand would amount to more than sufficient to make the amount of such inventory and appraisement when added to the amount of his sales as

56 MICH.—29

shown by his books; that at the same time the defendant produced what he represented to be the inventory and appraisement made as aforesaid, with each column added up, and showing the gross value of said stock to be $29,420.96; that he had purchased, since said inventory and appraisement were made, goods to the value of $229.38, and that he had sold goods to the value of $5618.54, leaving goods on hand amounting, at the prices named in said inventory and appraisement, to $24,031.80.

Complainants further aver that, relying upon these statements of the defendant, and upon the accuracy of the inventory presented by him, they made the agreement of the 18th of November, paid the prices agreed upon, and took possession of the stock. Complainants further aver that the goods amounted to $22,186.57; that the defendant had made several changes in the inventory furnished by him; that it was not as represented; that the goods inventoried and not delivered to complainants amounted to $826.25 only, and that other errors were contained in the inventory; that upon the discovery of these errors and changes referred to, amounting in all to $1628.91, complainants went to defendant to have him correct them, and he refused so to do; and they pray that defendant may account with complainants for the errors in the inventory complained of, and be decreed to pay back to them the amount thereof, and for such other relief as the nature of the case may require.

The defendant in his answer says that he never made the representations at the time of the making of the agreement of the 18th of November, as charged; denies that he represented that the goods on hand on the 18th of November would amount to more than the sum of $24,000; and avers that so far as he made any representations they were true; that immediately after the sale to complainants, Alexander R. Linn took the old inventory for the purpose of verifying it, and made an examination of the stock and began the new inventory, and after proceeding some time, the complainants became satisfied with the substantial accuracy of the old inventory, and in order to obviate the necessity of proceed-

ing further with the new one, after some further negotiation with the defendant they entered into the agreement of November 18, and that the defendant allowed the two hundred and fifty dollars therefor. Defendant further avers that in the making of said agreement it was expressly stipulated that "clerical errors should mean arithmetical ones, and should be confined to the face of the inventory;" that he made no representations to complainants as to the accuracy of the inventory, but stated to them repeatedly that he would not vouch for its accuracy, and while he believed it to be correct, he had no personal knowledge of its correctness. Defendant further claimed in his answer that the complainants did not state a case in their bill entitling them to the relief prayed, or to any equitable relief, and claimed the benefit of a demurrer. The defendant further avers his readiness and willingness at all times to rectify any clerical errors found in the inventory and books according to his agreement.

It appears that after the complainants went into possession they took, as they claimed, an inventory of the goods, and three or four weeks later they presented to the defendant a list of alleged errors, which they claimed to have discovered, amounting to $995.76, and which they required him to pay. Six months later they claimed to have found other errors to the amount of $633.15, which complainants brought forward in an amendment to their bill, and asked defendant to allow. The case was heard in the Superior Court of Detroit, on pleadings and proofs, and a decree entered dismissing the complainants' bill with costs. After a careful inspection of the record in the case and the briefs of counsel, we think the decree is correct.

Alexander R. Linn was not a stranger to the stock of goods. He and his partner were experienced merchants in the trade. He was one who took part in making the inventory and appraisal by which the complainants claim to have been deceived. He certainly had the opportunity of knowing as much about it as did the defendant, who was but little acquainted with the business, and knew but little more than A. R. Linn of the stock. The defendant denies that he

made the representations upon the falsity of which complainants base their right to recover; and we think the testimony shows that what the defendant did say upon the occasions claimed was never intended by him to be anything more than a candid expression of his views and judgment, and which would not, under the circumstances, create any legal liability, even though it had turned out he was mistaken. Neither do we think the language used warrants the complainants in giving the construction they claim for it. Before a party can be held on a contract of warranty, what he states must be something more than an expression of an opinion or the announcement of his judgment. It must contain a promise, express or implied, in addition thereto, to make good the opinion or judgment thus expressed, and this latter element is entirely wanting in the complainants' case.

We think the case shows that it was contemplated by the parties that there were clerical errors in the inventory, or might be; that is, errors in statement of quantity or amounts, or in footings, such as would be apparent on the face of the inventory and sale books, and which might be corrected without resort to the articles referred to, and that it was the intention of the parties that the defendant should make good losses occasioned by such errors. The other errors, such as would require a new inventory to be made, were waived by the agreement of November 18th, and the bonus of two hundred and fifty dollars, mentioned in that agreement, must be regarded as full satisfaction for such last-named errors, if any such existed, and as a substitute for the promise which complainants ask to have enforced against defendant. Unless this is the proper construction, it is not easy to see for what purpose the two hundred and fifty dollars was required or paid.

We have thus far treated the case stated in the bill as meritorious in equity; but another view remains to be taken. Complainants' claim, as stated, is one for damages arising out of an alleged breach of the contract for the sale of personal property, as first made, or as modified by the second agreement. The consideration paid for the goods sold was

received in money and notes, and the case shows the latter were negotiable, and transferred, before the suit was brought, to innocent holders. No actual fraud is charged in the case, and it is not alleged that the defendant is irresponsible. The remedy at law in such cases is perfect, and the aid of a court of equity cannot properly be invoked. Had the demurrer claimed been properly brought to a hearing, it would necessarily have been sustained.

The decree rendered in the Superior Court, dismissing complainants' bill, must be affirmed.

The other Justices concurred.