## Richmond.

### ROGERS AND OTHERS v. PATTIE, TRUSTEE.

#### DECEMBER 1, 1898.

Absent, Riely and Cardwell, JJ.

1. MUTUAL MISTAKE—*Relief in Equity—Executory and Executed Contracts.*— A mutual mistake of parties in an executory contract in a matter which is part of the essence of the contract and of the substance of the thing contracted for will be relieved against in a court of equity, and may be good ground for rescinding the contract, or of specifically executing it upon equitable terms of compensation, according to circumstances. But where the contract has been executed, and rescission is asked on the ground of mutual mistake, the mistake must be plain and palpable, and must affect the very substance of the thing contracted for, and not merely a material part of such substance. The loss of a part of a lot of land bought for speculation, and which has been conveyed to the purchaser, is ground for compensation at his instance, but not for rescission.

2. MUTUAL MISTAKE—*Remedies at Law and in Equity.*—A vendee of real estate may go into a court of equity on the ground of mutual mistake and recover compensation for land lost, notwithstanding he has the right to proceed at law on his covenants for title.

Appeal from a decree of the Circuit Court of Roanoke city pronounced March 16, 1897, in a suit in chancery, wherein the appellee was the complainant, and the appellants and another were the defendants.

*Reversed.*

The opinion states the case.

*L. H. Cocke, Watts, Robertson & Robertson,* and *Eppa Hunton, Jr.,* for the appellants.

*Scott & Staples,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The record does not show that the contracts sought to be rescinded in this case were procured by fraud, but it does show that the contract for the purchase and sale of one of the parcels of land, viz. section 17, was entered into under a mutual mistake as to one of its boundary lines, that the mistake was in a matter which was a material part of the thing contracted for, and that the vendee is entitled to relief in some form or other.

Where the contract is executory, it is now well settled in this State, that the mutual mistake of the parties in a matter which is part of the essence of the contract and of the substance of the thing contracted for will be relieved against in a court of equity, and may be a good ground for rescinding the contract, or of specifically executing it upon equitable terms of compensation, according to circumstances. *Lea's ex'r* v. *Eidson,* 9 Gratt. 278–9.

But where the contract has been executed, and rescission is asked upon that ground, the mistake must be plain and palpable, and must affect the very substance of the thing contracted for. *Thompson* v. *Jackson,* 3 Rand. 504; *Glassell* v. *Thomas,* 3 Leigh, 113.

The subject matter of the contract and conveyance in question is described in the deed as being a parcel of land:

"Beginning at the north-west corner of West Gilmer and Second streets; thence with West Gilmer street, south 68 degrees 10 minutes, east 335.1 feet to a point on the Moorman Road; thence with the Moorman Road north 45 degrees 10 minutes, West 331.65 feet to a point; thence North 68 degrees 10 minutes, West 30 feet to Second street; thence with Second street, south 21 degrees 50 minutes West 130 feet to the place of beginning, and known as section 17, as shown by the map of the property of Rogers, Fairfax and Houston, on file at the office of the clerk of the Hustings Court of the city of Roanoke, Virginia."

The following map or diagram, which is the one used in argument by counsel, shows substantially the shape and loca-

tion of the lot as the parties understood them to be when the sale and conveyance were made, and also its true shape and location :

A to B . . . . . 335.1 feet.
B to C . . . . . 331.65 feet.
C to D . . . . . 30. feet.
D to A . . . . 130. feet.
E to F . . . . . 90. feet.
F to G . . . . . 25. feet.

Record page . . . . . . . 13
Record page . . . . . . . 66

The mistake was as to the boundary line of the lot on the side next to the Moorman road. The land was contracted for and conveyed upon the belief that the line indicated on the plat by letters B, C, D was the line between the road and the lot, when in fact the true line was B, G, C, D. The land lost is represented on the plat by the triangle B, G, C, B. Unless the purchase was made for some special purpose, which has been defeated by the land lost, it cannot be said in any proper sense that it was the very substance of the subject matter of the contract.

The vendee claims that he purchased the lot for building purposes, but the evidence shows that it was purchased at auction in the year 1890, a period of wild speculation in town lots; that it was low, much of it swampy, and not desirable for building purposes; that he held it more than three years without any intention, so far as the record shows, of building upon it, and was making an effort to sell it when he first learned of the mistake now complained of. Under these circumstances, it can hardly be doubted that it was purchased for speculation, and not specially for building purposes.

It does appear that the land lost was not quite so low as the land in rear of it, and was therefore more suitable for building upon, and that by its loss the width of the lot between the Moorman road and West Gilmer street, has been decreased, and that by reason thereof it has been injured for building purposes. The evidence further tends to show that the land lost is more valuable foot for foot than the residue of the lot, and that such residue is not as valuable as the whole lot would be by one-third, or perhaps more.

These facts, if the contract were executory, might be sufficient to justify a court of equity in refusing to specifically execute it at the suit of the vendors, but they are not sufficient, in our opinion, to require its rescission when executed by the parties. The land lost was a material part of the substance of the contract under consideration, but it was not the sub-

stance of it. What the vendors intended to sell, and the vendee to purchase, was a parcel of land known as section 17, situated in a certain portion of the city of Roanoke, bounded by certain streets, and of certain dimensions. The land conveyed to, and held by the vendee is section 17, is situated at the same place, is bounded by the same streets, and is the identical property which the parties intended to sell and purchase, except as to the narrow strip taken by the Moorman road.

We are of opinion, therefore, that the Circuit Court erred in decreeing a recission of the contract. Its decree must be reversed, and the cause remanded, with direction to the court to ascertain and allow the vendee just compensation for the land lost by superior title; it now being settled in this State that notwithstanding the vendee's right to proceed at law upon his covenants for title, he has the right to go into a court of equity upon the ground of mistake, and recover compensation. *Blessing* v. *Beatty*, 1 Rob. 287; *Boschen* v. *Jurgens*, 92 Va. 756; and *Hull* v. *Watts*, 95 Va. 10.

*Reversed.*