A. L. PARSONS, Administrator of Estate of SARAH C. CONLEY, Deceased, Appellant, v. IDA M. CROCKER, and E. W. CROCKER, Appelleees.

Cancellation of instruments: CONSIDERATION: UNDUE INFLUENCE: MENTAL CAPACITY. In an action to cancel a deed the evidence is held to sustain the conveyance over objections of inadequate consideration, undue in fluence and lack of mental capacity.

*Appeal from Keokuk Superior Court.*— HON. W. L. McNAMARAN, Judge.

SATURDAY, OCTOBER 21, 1905.

SUIT in equity to set aside a deed made by the deceased, Sarah C. Conley, to the defendant Ida M. Crocker; for an accounting from E. W. Crocker, who, it is claimed, was an agent for the deceased; and to cancel a mortgage made by defendant Ida M. Crocker to one Schweite. The trial court dismissed the petition, and plaintiff appeals.— *Affirmed.*

*J. F. Smith,* for appellant.

*D. F. Miller,* for appellees.

DEEMER, J.— On or about October 24, 1902, deceased, Sarah C. Conley, who died after this suit was instituted, conveyed certain lots in the city of Keokuk to the defendant Ida M. Crocker. It is claimed that at the time this conveyance was made the grantor was of unsound mind and incapable of transacting business, and that the conveyance was obtained by and through undue influence. After the conveyance was made Ida M. Crocker mortgaged the property to one Schweite, who took the same without notice of plaintiff's present claims, and is, of course, entitled to protection in any event. At the time the original conveyance was made defendant E. W. Crocker received a check from Mrs. Conley, for a specific purpose, which it is claimed he did not devote to that purpose, but converted to his own use. Mental incapacity and undue influence are denied by the defendants, as also is the claim of conversion.

The case is almost wholly one of fact. It is contended that there was no adequate consideration for the transfer of the property, that defendants were related to the grantor Mrs. Conley as nephew and niece, that they were her confidential advisers, and, taking advantage of their situation, unduly influenced her into making a conveyance which she would not otherwise have executed. These facts, if true, would undoubtedly justify a decree for the plaintiff; and, if defendants occupied confidential relations with their aunt or in any manner took advantage of her infirmities, they, of course, will not be allowed to profit from an inequitable transaction. But the testimony shows that the grantor was sound of mind, although afflicted with a malignant disease, and there is no evidence that any undue influence was practiced by the defendants. The conveyance to Ida M. Crocker was unsolicited by her, and apparently grew out of Mrs.

Conley's own desires and inclinations. The parties were on intimate, if not confidential, terms; but there is nothing to indicate that they used the situation for the purpose of profit, or that they in any manner endeavored to influence her in the matter. Indeed, the testimony negatives any inference of that kind. The grantor, who was examined as a witness, said that she intended that Ida M. Crocker should have the property at her (Mrs. Conley's) death, and that she made the conveyance on her own motion and for the consideration of one dollar and an agreement on the part of the grantee to pay her rent as long as she lived. That this promissory consideration was not paid is no ground for seting the conveyance aside.

Defendant E. W. Crocker was at one time a special agent of Mrs. Conley, and as such received some money from her; but the testimony shows that he has fully accounted therefor, and plaintiff is not entitled to recover anything from him. The deed was based upon a sufficient consideration, was not obtained by fraud or undue influence, and the grantor had sufficient mental capacity to make it. Schweite is a mortgagee for value, without notice, and should, in any event, be protected.

The decree seems to be correct, and it is *affirmed*.