Forster v. Flack, 140 Wis. 48.

FORSTER, Appellant, vs. FLACK and wife, Respondents.

*May 13—June 3, 1909.*

*Vendor and purchaser: Rescission by vendor: Pleading: Relevancy of allegations: Equity: Cancellation of instruments: Adequate remedy at law: Rights of action: Executed contracts: Damages.*

1. In an action for rescission of an executed purchase of corporate stock under an agreement by which plaintiff had conveyed land to defendant in payment for said stock and defendant had agreed that certain dividends would be paid thereon and had further agreed that at any time, on plaintiff's request, he would give the latter stock in another corporation in place of that first mentioned, the complaint alleged that defendant by false representations had induced plaintiff to make a partial exchange of the stock, and alleged that no dividends had been paid as agreed. *Held,* that the allegations as to false representations inducing the exchange of stock were irrelevant to the relief sought.

2. Breach of a condition subsequent, of an express warranty, or of a covenant, in the absence of other grounds of equitable jurisdiction, will not support a complaint in equity for rescission of a contract, the remedy at law being adequate.

3. A fully executed agreement, whereby plaintiff conveyed land to defendant in consideration of certain corporate stock, cannot be rescinded in equity solely for breach of defendant's undertaking that the stock would pay agreed dividends.

4. In such case a complaint alleging breach of the agreement that the shares of stock transferred to plaintiff would pay certain dividends, without allegation as to the value of either the stock or land, states no legal cause of action, since failure to declare or pay dividends does not necessarily affect the intrinsic value of the shares.

APPEAL from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining a demurrer to the complaint.

For the appellant there was a brief by *McGee & Jeger,* and oral argument by *L. Jeger.* They cited, among other cases, *Boothby v. Scales,* 27 Wis. 626; *Woodle v. Whitney,* 23 Wis. 55; *Warder v. Fisher,* 48 Wis. 338, 4 N. W. 470; *Parry Mfg. Co. v. Tobin,* 106 Wis. 286, 82 N. W. 154; *Fairfield v. Madison Mfg. Co.* 38 Wis. 346; *Neave v. Arntz,* 56 Wis. 174, 14

N. W. 41; *Hahn v. Doolittle,* 18 Wis. 196; *Osborn v. Nichol-son,* 13 Wall. 654.

For the respondents there was a brief by *Blatchley & Gilbertson,* and oral argument by *A. H. Blatchley.* Among other references they cited *Merrill v. Nightingale,* 39 Wis. 247; 30 Am. & Eng. Ency. of Law (2d ed.) 190; *Smith v. Hughes,* 50 Wis. 620, 7 N. W. 653; *McLennan v. Prentice,* 85 Wis. 427, 55 N. W. 764; *Clementson v. Streeter,* 59 Wis. 429, 18 N. W. 340; *Falkner v. Woodard,* 104 Wis. 608, 80 N. W. 940; *Patton v. Taylor,* 7 How. 132; *Kelley v. Kelley,* 80 Wis. 486, 50 N. W. 334; *Deery v. McClintock,* 31 Wis. 195.

TIMLIN, J. The complaint avers the purchase by the plaintiff from the defendant named of 52,000 shares of the capital stock of a certain corporation in consideration of the sale and conveyance by plaintiff to defendant of a parcel or tract of real estate. Accompanying the sale of the corporate stock it is averred that there were two agreements: (1) That a dividend would be declared on this stock and paid within ninety days, and thereafter weekly dividends would be declared and paid thereon for at least four weeks; (2) that the defendant would at any time at the request of the plaintiff exchange the whole or any part of said shares of stock for shares of the capital stock of another mining corporation at the rate and in the proportion of 3,000 shares of the latter for 20,000 shares of the former. This defendant within a short time thereafter made many false and fraudulent representations to the plaintiff, and, relying and acting thereon, the plaintiff exercised his option to demand the exchange of stock agreed upon and did exchange 20,000 shares of the 52,000 shares first received for 3,000 shares of the other stock. This defendant mortgaged the real estate received in exchange for $5,000 to some person not named. No dividend was declared or paid on the first-mentioned stock within ninety days

from the date of purchase, nor were any weekly dividends declared or paid on said stock at any time thereafter, whereupon the plaintiff tendered to this defendant 32,000 shares of the 52,000 shares first purchased and 3,000 shares of the exchanged stock and demanded of this defendant that he reconvey to the plaintiff the real property mentioned free and clear of all incumbrances, or that he reconvey the said property and pay the plaintiff $5,000, being the amount of the mortgage placed on the property by the defendant.    Plaintiff also demanded of this defendant's wife that she release her dower, but both defendants refused to comply.    Therefore the plaintiff asks that the defendants be required to reconvey to him the real estate in the complaint described and that he have and recover $5,000 to compensate him for the mortgage placed on the property by defendant, and that he have costs and general relief.

The false and fraudulent representations by which the plaintiff was induced to exchange the shares of stock are wholly irrelevant to the relief sought to be obtained.    The fact that the exchange was made of one kind of mining company's stock for another in pursuance of an option so to do is quite irrelevant to the relief sought.    The only ground for the rescission prayed is therefore that no dividend was declared or paid on the stock first received.    It does not appear whether the transaction, aside from the conveyance of the land, was or was not evidenced by writing.    The agreement concerning the payment of a dividend is pleaded in this form:

"That said stock was sold by the defendant *J. W. Flack* and purchased by the plaintiff upon the condition subsequent and the expressed warranty that a dividend would be declared on said stock and paid within ninety days from said 20th day of February, 1907, and that weekly dividends would be declared and paid upon said stock for at least four weeks thereafter."

There is nothing else in the pleading to inform us of the terms of the agreement in this particular.    The pleader des-

ignates this agreement by the inconsistent names of "condition subsequent" and "express warranty." It is manifestly neither, but is a covenant or promise. It is elementary law that breach of a condition subsequent, breach of an express warranty, or breach of a covenant, in the absence of other grounds of equitable jurisdiction, will not avail to support a complaint in equity for rescission of a contract. *Davison v. Davison,* 71 N. H. 180, 51 Atl. 905; *Raley v. Umatilla Co.* 15 Oreg. 172, 13 Pac. 890; *Love v. Teter,* 24 W. Va. 741. In the absence of fraud, mistake, trust, cloud on title, multiplicity of suits, necessity for cancellation, or some other independent ground of equitable jurisdiction, a court of equity will not interfere to rescind a contract on the sole ground that the defendant has failed to perform his part of the contract or has broken its warranties or conditions. In such case the remedy at law is adequate. *Douglas Co. v. Walbridge,* 38 Wis. 179; *Farrar v. Bridges,* 3 Humph. 566; *Piedmont L. I. Co. v. Piedmont F. & M. Co.* 96 Ala. 389, 11 South. 332; *Birmingham W. & E. Co. v. Elyton L. Co.* 93 Ala. 549, 9 South. 235; *Harrington v. Rutherford,* 38 Fla. 321, 21 South. 283; *Moore v. Cross,* 87 Tex. 557, 29 S. W. 1051.

The complaint, purporting to state a cause of action for equitable rescission, is fatally defective in that regard. *Linn v. Gunn,* 56 Mich. 447, 23 N. W. 84. In addition to this the contract was fully executed. *McLennan v. Prentice,* 85 Wis. 427, 55 N. W. 764. The complaint affirmatively shows that the plaintiff has an adequate remedy at law to recover his damages, if any there be. No legal cause of action can be spelled out of the complaint, because there is nothing to show the value of the stock received or the value of the land given in exchange. The failure to declare or pay dividends does not necessarily affect the intrinsic value of the shares. The demurrer was properly sustained.

*By the Court.*—The order sustaining the demurrer is affirmed.