Opinion.

## Richmond.

## MOTLEY v. HODGES.

### March 15, 1917.

1. VENDOR AND PURCHASER—*Mistake in Quantity.*—In contracts of sale by the acre, a court of equity holds the vendor liable for a deficiency on the ground of mistake.

2. MORTGAGES AND DEEDS OF TRUST—*Trustee's Sale—Deficiency in Quantity.*—The purchaser at a trustee's sale can not maintain, against the beneficiary and trustee in an ordinary deed of trust on land to secure debts, a suit for a deficiency in acreage. In such transaction there is no element of guaranty or warranty, either of title or quantity of the land. To such a sale the principle of *caveat emptor* applies.

Appeal from a decree of the Circuit Court of Pittsylvania county. Decree for complainant. Defendant appeals.

*Reversed.*

The opinion states the case.

*Jas. L. Tredway* and *S. A. Anderson,* for the appellant.

*Clement & Clement,* for the appellee.

WHITTLE, P., delivered the opinion of the court.

The case is this: Woody by two deeds conveyed a tract of land described as containing seventy acres, more or less, to James L. Tredway, trustee, in trust to secure distinct debts due to appellant. The land was sold at public auction and knocked out to the creditor at $875, who shortly thereafter transferred his bid to appellee, Hodges, who com-

plied with the terms of sale, and by direction of Motley the trustee conveyed the land to him and paid the proceeds to Motley. The purchaser subsequently had the land surveyed and found that the boundary only contained 46¼ acres. Thereupon, Hodges filed his bill against Motley and Tredway, trustee, to recover for the deficiency in acreage. From a decree granting the prayer of the bill against Motley this appeal was granted.

The judge of the circuit court apparently rested his decision upon the principle of that line of cases which, speaking generally, deal with what are known as contracts of sale by the acre in contradistinction to contracts of hazard. In cases which belong to the former class, a court of equity holds the vendor liable for the deficiency on the ground of mistake. This subject is lucidly treated by Judge Baldwin in the leading case of *Blessing's Admrs.* v. *Beatty,* 1 Rob. (40 Va.) 304. Yet, obviously, the case in judgment is not of that type. Indeed, in the instant case, the former owner of the land is not a party to the litigation; but, as remarked, the suit is between the purchaser at a trustee's sale, on the one hand, and the beneficiary and trustee in an ordinary deed of trust on land to secure debts, on the other. In such transaction there is no element of guaranty or warranty, either of title or quantity of the land.

In a note to the case of *Petermans* v. *Laws,* Va. Rep. Ann. (6 Leigh), 476, it is said: "A purchaser of land at a public sale made by a trustee must look to the title of the grantor of the land, and he is entitled only to a deed with special warranty of title. He cannot look to the trustee for a good title, for in making the sale he is but an agent; he cannot look to the creditor, for he sells nothing, and is merely to receive the proceeds of the sale. To such a sale the principle of *caveat emptor* applies. *Fleming* v. *Holt,* 12 W. Va. 143, citing the principal case, and *Saunders* v. *Pate,* 4 Rand. 8; *Sutton* v. *Sutton,* 7 Gratt. (48 Va.), 234, 56 Am.

Dec., 109; *Finlay* v. *Toncray,* 2 Rob. 374; Rawle Cov., 418; *Goddin* v. *Vaughan,* 14 Gratt. (55 Va.), 117."

In *Sutton* v. *Sutton, supra,* Baldwin, J., who delivered the opinion of the court, states with convincing ability the reasons why a purchaser at such sale cannot hold either the trustee or the creditor liable for any defect in the title or deficiency in the quantity of the land sold as follows: "The principle upon which equity relieves against a mistake in the estimated quantity of land sold, has no application to a case like this. The foundation of such relief is, that the price agreed upon by the parties must be presumed to have been influenced by the estimated quantity, unless it appears that they intended a contract of hazard; and the mistake is corrected not only in cases of deficiency, but also in cases of excess. Here there was no estimate of the quantity as between the trustee and the purchaser, but a mere statement thereof in the grantor's conveyance to the trustee. That statement was mere matter of description, and was no element of the contract between the grantor and the trustee, for which the consideration enured not from the trustee, but the *cestuis que trust,* and was in no wise dependent upon the supposed quantity of the land. The purpose of the conveyance was that the property should be sold by the trustee, at all events, for whatever it would bring, and the grantor undertook no responsibility either as to title or quantity. If the quantity had turned out after the sale by the trustee to be greater than that mentioned in the deed, neither he, nor the grantor, nor the *cestuis que trust,* could have exacted from the purchaser compensation for the excess; and by parity of reason, they are not responsible for a deficiency. There is no principle, therefore, whether of defective title or deficient quantity, upon which the appellee is entitled to relief * * *"

The authorities cited are conclusive of the question involved, and further discussion of it is unnecessary.

For these reasons, the decree of the circuit court must be reversed.

SIMS, J., dissenting:

This case involves an executed contract of sale by a trustee.

The suit of appellee, plaintiff in the court below, was in equity to recover the value of a deficiency in quantity of land sold by the acre. The court below had jurisdiction to give relief in such a case on the ground of mutual mistake of fact affecting the substance of the thing contracted for. *Blessing's Admr.* v. *Beatty,* 1 Rob. 266, Va. Rep. Ann., note, p. 252; *Kelly* v. *Riley,* 22 W. Va. 249; *Rogers* v. *Pattie,* 96 Va. 498, 31 S. E. 897.

It is true that if in this case there had been no mistake affecting the identity or quantity of land bought and conveyed, and there had been merely a failure of title to a part or the whole of it, unless the vendor was aware of a fact from which the defect of title arose and which the vendee had no means of knowing, and there was a fraudulent misrepresentation or concealment of such fact on the part of the vendor, the vendee would have no remedy save upon the covenant of warranty in his deed. In such a case of failure of title, where there is no warranty in the deed or where, as in the case at bar, there is a special warranty only, the vendee would have no remedy. "The rule '*caveat emptor*' strictly applies." *Beale* v. *Seiveley,* 8 Leigh (35 Va.), 672-5. The mutual mistake upon which a court of equity will grant the relief in question must be a mistake of fact (see authorities cited 9 Enc. Dig. Va. & W. Va. Rep. 861) not a mistake of law (*Idem,* 861-3) and must affect the substance of the thing contracted for. *Rogers* v. *Pattie,* 96 Va. 498, 31 S. E. 897; *Thompson* v. *Jackson,* 2 Rand. (24 Va.) 504, 507, 15 Am. Dec. 721; *Classell* v.

*Thomas,* 3 Leigh (30 Va.), 113. A mistake as to title, when the party making it has knowledge of the facts or means of knowledge, is a mistake of law (*Zollman* v. *Moore,* 21 Gratt. [62 Va.], 313), and does not affect the substance of the thing contracted for but merely the title to it. This distinction is fundamental in principle and underlies the *caveat emptor* rule. Hence it is that where the mistake is merely one of *title,* and there is a conveyance by a trustee without warranty or only with special warranty of title, equity affords no remedy to the vendee for deficiency in the quantity of the thing contracted for. *Sutton* v. *Sutton,* 7 Gratt. (48 Va.) 234, 56 Am. Dec. 109; *Peterman* v. *Laws,* 6 Leigh (33 Va.), 523; *Findlay* v. *Hickman,* 10 Leigh (37 Va.), 354. This is not because the conveyance is by a trustee but because the conveyance is without warranty, or only with special warranty, of title, and the rule would be the same where applied to the conveyance of any vendor. *Beale* v. *Seiveley, supra.*

Therefore, the circumstance that the conveyance in the case at bar was by a trustee is of no distinguishing importance. There may be mutual mistake as to quantity in any sale by a trustee equally as in sales by other vendors.

In the case of *Sutton* v. *Sutton, supra,* this court in effect so held. That was a case of a sale by a trustee; a deficiency in the quantity of the land contracted for due to a defect in its title, and there was no warranty in the deed from the trustee; and not by the acre. The purchase price was a sum in gross. There was no evidence of an actual sale by the acre. There was not even a deed by the trustee to the purchaser referring to the land as containing a definite number of acres, but a mere endorsement of a conveyance by the trustee on the original deed of trust, mentioning no acreage and conveying merely "all the right, title and interest" conveyed to the trustee by the original deed

of trust. It is true that it was held therein that the vendee was not entitled to any relief, but as appears from the opinion of the court by Baldwin, J. (the same distinguished judge who rendered the opinion in the case of *Blessing's Admr.* v. *Beatty, supra*) it was so held, not because that was a sale by a trustee, but because it was not a case of a mistake as to the identity, or in the estimated quantity of the land where, says the opinion, "\* \* \* the foundation of the relief is that the price agreed upon between the parties must be presumed to have been influenced by the estimated quantity unless it appears that they intended a contract of hazard." "Here," says the court (speaking of that case) "there was no estimate of the quantity as between the trustee and the purchaser \* \* \* and was no element of the contract between the grantor and grantee." If that had been such a case, the opinion, by necessary implication, is to the effect that the vendee would have been entitled to relief, although he purchased from a trustee. The court held in such case that, "\* \* \* if there was any mistake, it was not of that nature. The property sold was the identical property conveyed by the deed; and there was no room for any mistake unless in regard to the validity of the grantor's title. A mistake in regard to that matter is no ground for relief to a purchaser when he takes upon himself the risk as to title, as he does when he purchases land without agreement, express or implied, for a conveyance with warranty of title." And it was on the latter ground that the relief in that case was granted, and not because it was a sale by a trustee.

In the instant case the sale was expressly by the acre, and it expressly appears that the amount of purchase money was fixed by the estimated quantity of the land. Therefore, the case falls within the general line of authorities in Virginia on this subject. See note to case of *Blessing's*

*Admr*. v. *Beatty*, 1 Rob. (Va. Rep. Ann.), 251 *et seq.* Of course, if in case of such mistake, the trustee acting *bona fide* and without notice of it had paid over the purchase money to the *cestui que trust* before suit is brought, equity will put the saddle on the right horse and the *cestui que trust* should refund the value of the deficiency. This was required to be done by the decree complained of. Hence, there was no error in such decree, and it should be affirmed.

*Reversed.*