JOB T. WILSON *vs.* PATRICK P. POWERS & another.

Bristol. Nov. 8, 1880. — Jan. 8, 1881. AMES & ENDICOTT, JJ., absent.

If the holder of a promissory note enters into an agreement, not under seal, with the maker, by which the time of payment is to be extended, the interest then due is to be paid at the original rate, and the holder is afterwards to apply a portion of the interest towards the extinguishment of the principal, the agreement is without consideration and not binding upon the holder, and does not operate to discharge a surety on the note.

MORTON, J. This is an action against the sureties upon a promissory note. The defence relied on is that the plaintiff has released the sureties by entering into an agreement with the principal to extend the time of payment.

The indorser or the surety upon a note is discharged by an agreement made, without his consent, between the holder and the maker to give time to the maker. But, to have this effect, it must be a valid agreement founded upon a good consideration, such as can be enforced either at law or in equity. *Veazie* v. *Carr*, 3 Allen, 14. *Potter* v. *Green*, 6 Allen, 442. *Jennings* v. *Chase*, 10 Allen, 526.

By the note in suit, which is dated February 2, 1874, Philip S. Walsh, as principal, and the defendants, as sureties, jointly and severally promise to pay in three years after date to Job T. Wilson, or order, $5000 with interest at the rate of twelve per cent per annum, payable semiannually in advance.

On July 5, 1877, Wilson signed an agreement, not under seal, of which the material parts are as follows : " And I hereby agree to continue or extend the time of final payment for three additional years, or until February in the year of our Lord 1880. The conditions as expressed in said mortgage deed to be complied with. That is also required that the said Walsh shall pay when requested all interest now due and continue to pay at the rate of seven and three tenths per cent interest semiannual after February 1877, and an addition to be applied to the principal of $4\frac{7}{10}$ per cent as aforesaid."

If we assume that this instrument was delivered by Wilson and accepted by Walsh, yet, in the absence of external proof of any consideration, it would not be binding upon Wilson. By

accepting it, Walsh did not promise to do anything which he was not already bound by his note to do. It requires him to pay the interest then due, and to pay the twelve per cent per annum, which he is bound to pay by the note, and the holder agrees that, instead of exacting the twelve per cent as interest, he will apply a portion of it, viz. four and seven tenths per cent, towards the extinguishment of the principal. In other words, it is a promise by the holder to take less than his debt.

There is no advantage to Wilson nor disadvantage to Walsh growing out of the agreement which can constitute a consideration for Wilson's promise to extend the time of the payment of the note. It was, therefore, not binding upon him. Notwithstanding the agreement, he could at any time have sued Walsh upon the note, and the sureties could at any time have paid the note and have prosecuted their remedy against Walsh. We are therefore of opinion, that this agreement, if accepted by Walsh, did not discharge the sureties.        *New trial ordered.*

*J. J. Archer & H. A. Clark*, for the plaintiff.

*J. M. Morton, Jr. & B. K. Lovatt*, for the defendants.