ARTHUR M. HEARD vs. FREDERICK W. CALKINS.
SAME vs. EDWARD T. TURNER.

Suffolk.    December 2, 3, 1919. — January 9, 1920.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Evidence*, Docket entries. *Judgment. Assignment. Practice, Civil,* Amendment, Parties. *Municipal Court of the City of Boston,* Appellate Division. *Accord and Satisfaction. Contract,* Construction.

Docket entries, until extended in books of record, are admissible to prove the recovery of a domestic judgment.

A domestic judgment cannot be attacked collaterally but is reversible only on a writ of error.

In an action upon a judgment by one claiming as assignee of the judgment creditor by a parol assignment, the question, whether the transfer was made as alleged, is one of fact and a finding of the trial judge, that such a transfer was made, will not be reversed where there was evidence warranting it.

R. L. c. 173, § 4, requiring the assignment of a non-negotiable legal chose in action to be in writing in order that the assignee may maintain an action thereon in his own name, does not prevent the assignee under a parol assignment from bringing an action thereon in the name of the assignor.

The Appellate Division of the Municipal Court of the City of Boston, at the hearing of a report by a judge, who had heard an action upon a judgment, brought in the name of the judgment creditor by one to whom the judgment had been assigned by the judgment creditor by a parol assignment, and who had found for the plaintiff, where the writ contained no statement that the action was brought for the benefit of the assignee, may allow a motion by the plaintiff to amend the writ by stating that the action was so brought.

If the owner of a judgment under an oral agreement with the judgment debtor receives merchandise from time to time and applies the value thereof to the reduction of the judgment debt, such executed agreement does not amount to an accord and satisfaction nor preclude recovery, in an action upon the judgment, of the unsatisfied balance of the judgment debt.

TWO ACTIONS OF CONTRACT, originally brought in the name of Arthur M. Heard upon judgments entered in the Municipal Court of the City of Boston, the first being against Frederick W. Calkins upon a judgment dated July 22, 1898, and the second being against Edward T. Turner upon a judgment dated July 29, 1898. Writs in the Municipal Court of the City of Boston dated respectively July 1, 1918, and July 26, 1918.

In the Municipal Court the actions were heard together.

The uncontradicted facts were as follows: The defendant Calkins was the maker of a promissory note, payable to the order of Edward T. Turner, who indorsed the note in blank and delivered it to the Commonwealth National Bank of Manchester, New Hampshire. The defendant Turner was the maker of another promissory note payable to the order of the Commonwealth National Bank of Manchester, New Hampshire, which that bank discounted. After the note made by Calkins had been delivered to the bank and the note made by Turner had been discounted by the bank, the bank became insolvent and a receiver of its property was appointed. The receiver was Arthur M. Heard, the plaintiff, who obtained the judgments in the original suits above referred to.

The attorney for the receiver in both of the original actions in which the judgments were obtained was Ralph W. Bartlett, Esquire, whose offices were in Boston. After the judgments were obtained, the receiver, in consideration of services performed by Mr. Bartlett as his attorney in the above and other matters, verbally transferred to him all his rights in the judgments and left the executions with him.

At the trial in the Municipal Court of the actions on the judgments, Mr. Bartlett testified that both of the present actions were instituted by him, not as the attorney for the receiver, but in his own right as the alleged owner of the said judgments under the oral assignment above referred to.

It also appeared that, after Mr. Bartlett had the judgments orally transferred to him, he made a demand upon Turner for the amount of the judgment against him and that Turner then told Mr. Bartlett that he was unable to pay it, that he was "down and out;" and that Turner then offered to supply Mr. Bartlett with all the printing he might need in his business, and that if he (Turner) "ever got on his feet," he would pay the full amount of the judgment in cash. The offer was accepted by Mr. Bartlett. Thereafter Turner furnished printing to Mr. Bartlett as requested by him down to the year 1917, at which time Turner refused to furnish further printing. Thereupon Mr. Bartlett brought the action on this judgment. The value of the printing furnished to Mr. Bartlett by Turner was $93.

The judge found that the agreement between Mr. Bartlett and

Turner was made as above set forth, but ruled that there was no valid consideration to support it as a binding agreement which would prevent Mr. Bartlett from suing for the balance due upon the judgment against Turner.

During the trial the defendant Turner offered evidence of his financial condition for the purpose of showing that he was not now and never had been financially able to pay the judgment. This evidence was excluded as immaterial.

The defendants at the close of the evidence made the following requests identical for both cases:

"1. Upon all the evidence the plaintiff has not established the right to maintain this action and there should be a verdict for the defendant.

"2. That the plaintiff has not shown that he has a legal title to the judgment upon which the action is based and the plaintiff therefore cannot maintain an action at common law against the defendant thereon.

"3. In order to transfer a legal title to a judgment, there must be an assignment by a written instrument or an entry on the docket of the court wherein the judgment was rendered, transferring such title. In the absence of either one of these methods, there can be no legal transfer of title."

"7. The docket entries of the Municipal Court are not even competent evidence whenever a judgment of the court is challenged as being void unless the said docket entries have been entered *in extenso* and also conform to the papers on file which constitutes the record.

"8. Whenever a judgment is challenged as being absolutely void, the only evidence which is competent upon such an issue are the following, to wit: —

(a) The writ.

(b) Officer's return thereon.

(c) Declaration.

(d) Answer.

(e) Verdict and findings.

(f) Judgment as indorsed on the writ or on some other paper in accordance with an order or rule of the court.

"9. The clerk of a court has no authority to enter a judgment in an action of contract on a promissory note without the plaintiff

surrendering such note to the clerk except in a case of a lost note.

"10. The clerk of a court has no authority *ex officio* to enter a judgment in an action of contract based on a promissory note after a verdict in favor of the plaintiff unless the note which is surrendered upon its face conforms to all the allegations in the declaration as to the plaintiff's title and capacity to sue."

The requests were refused. The judge found for the plaintiff in the first action in the sum of $205.93 and interest and for the plaintiff in the second action for the sum of $167.89 and interest, deducting therefrom a credit of $93, and at the request of the defendants reported both cases to the Appellate Division.

In the Appellate Division, the plaintiff moved in each action to amend his suit by striking out the words "then and there to answer unto Arthur M. Heard of Manchester in the County of Hillsboro and State of New Hampshire," and substituting therefor the following: "then and there to answer unto Arthur M. Heard of Manchester in the County of Hillsboro and State of New Hampshire, who brings this action for the benefit of Ralph W. Bartlett of said Boston, assignee of the cause of this action." The motions were allowed and the report in each action was ordered dismissed. The defendants appealed.

*P. H. Kelley,* for the defendants.

*F. W. Doring, (F. Killam* with him,) for the plaintiff.

BRALEY, J. It is settled that until extended in books of record docket entries are admissible to prove the recovery of a domestic judgment which cannot be attacked collaterally, but is reversible only on writ of error. *McGrath* v. *Seagrave,* 2 Allen, 443. *Central Bridge Corp.* v. *Lowell,* 15 Gray, 106. *Joyce* v. *Thompson,* 229 Mass. 106. The judgment obtained against each defendant consequently must be held as valid and conclusive.

It is next urged that the parol assignments of the judgment creditor to his counsel in payment for professional services and in whose interest the actions are brought and prosecuted are not only invalid, but the assignee cannot enforce the judgment by an action in his own name. It was a question of fact whether the judgment creditor had transferred his rights as alleged, and the finding of the trial judge that the agreements had been proved was warranted by the evidence. The assignee accordingly ac-

quired the beneficial ownership of the judgments. *Norton* v. *Piscataqua Fire & Marine Ins. Co.* 111 Mass. 532, 535.

The actions were begun in the name of the assignor. But even if R. L. c. 173, § 4, requires the assignment of a non-negotiable legal chose in action to be in writing, or the assignee cannot maintain an action thereon in his own name, yet where he has the sole beneficial interest as in the cases at bar he can sue in the name of the assignor, and the amendment, adding after the name of the judgment creditor as plaintiff, the averment that the action is brought for the use and benefit of the assignee, was properly allowed. *Lane* v. *Lane,* 8 Allen, 350, 353. *Hewins* v. *Baker,* 161 Mass. 320, 324. *Jump* v. *Leon,* 192 Mass. 511, 513, 514. *Kelly* v. *Greany,* 216 Mass. 296. *Noble* v. *Brooks,* 224 Mass. 288. The defendants also are fully protected from any contingency of double liability. *Hall* v. *Henry Thayer & Co.* 225 Mass. 151, 153.

If any questions as to the admission of evidence are open on the record no error appears, and the ruling, that the executed agreement made between the assignee and the defendant in the first case, that money as it became due the defendant from the assignee for printing should be applied in partial satisfaction of the judgment, did not amount to an accord and satisfaction, or preclude recovery for the unsatisfied balance, was correct. *Wilson* v. *Powers,* 130 Mass. 127. *Bragg* v. *Danielson,* 141 Mass. 195.

We are therefore of opinion that all of the rulings in so far as not given were denied rightly, and that the order of the Appellate Division dismissing the report should be affirmed in each case.

*So ordered.*