155 So.2d 409 (1963)
RICHARD BERTRAM & CO., a corporation, and Bertram Yacht Sales of Fort Lauderdale, Inc., a corporation, and J.C. Legrand, Appellants,
v.
Bernard M. BARRETT, Appellee.
Nos. E-159, E-188.
District Court of Appeal of Florida. First District.
July 30, 1963.
*410 Philip Bloom, of Myers, Heiman, Kaplan & Catsman, Miami, for appellants.
Beggs, Lane, Daniel, Middlebrooks & Gaines, Pensacola, for appellee.
RAWLS, Judge.
The crux of this appeal is venue. Appellee-plaintiff Barrett, a resident of Escambia County, Florida, filed his complaint in Escambia County, Florida, against appellants-defendants, Richard Bertram & Company, a corporation with its sole place of business in Dade County, Florida; Bertram Yacht Sales of Fort Lauderdale, Inc., a corporation with its sole place of business in Broward County, Florida; and J.C. Legrand, a resident of Palm Beach, Florida.
The dispute between the parties arose out of the sale by defendants of a vessel to plaintiff. According to the pleadings plaintiff purchased the vessel owned by Legrand on July 4, 1962, through the Bertram corporations (one of plaintiff's grievances being that he thought Richard Bertram & Company owned the vessel). It appears that plaintiff after sailing the vessel from Fort Lauderdale to Pensacola and upon his arrival there on July 19, 1962, found that he was dissatisfied and attempted to rescind his purchase. The gravamen of plaintiff's complaint is clearly founded upon the following theories, i.e.: (1) Breach of oral warranties and failure of consideration, (2) Negligent preparation of the vessel for its trip to Pensacola, and (3) Expenses incurred by plaintiff as bailee of the vessel.
Except as its power may be limited by express constitutional provisions fixing or regulating venue, a legislature may at its discretion fix the venue or place of trial of civil actions as long as it does not transgress fundamental guaranties of equal protection of laws, and does not arbitrarily and unreasonably discriminate against particular persons.[1] The Legislature of Florida has provided that suits shall be begun only in the county where: (1) the defendant resides (or in the case of a domestic corporation, where such corporation shall have or usually keep an office for the transaction of its customary business), (2) or where the cause of action accrued, (3) or where the property in litigation is located.[2] So, it is necessary to examine the pleadings in this case in light of the statutory provisions.

*411 WHERE THE DEFENDANTS RESIDE
It is undisputed that defendant Legrand is a resident of Palm Beach County; that defendant Richard Bertram & Company, a domestic corporation, has its sole place of business in Dade County, Florida; that defendant Bertram Yacht Sales of Ft. Lauderdale, a domestic corporation, has its sole place of business in Broward County, Florida. Consequently, it is established that the individual defendant did not reside in Escambia County and that neither of the domestic corporate defendants had or usually kept an office for the transaction of business in that county; therefore, venue in Escambia County did not obtain under this provision of the statute.

WHERE THE CAUSE OF ACTION ACCRUED
As above stated, plaintiff is asserting a cause of action based upon a breach of oral warranties, negligent preparation of the vessel for a voyage and rescission of the contract. The complaint specifically alleges sale and purchase of the vessel in Broward County and that certain oral representations were made by defendants, which were false and upon which plaintiff relied at the time of consummating the transaction in Broward County, Florida. The cause of action, if any, upon these theories clearly accrued in Broward County, Florida.
However, plaintiff contends that one theory of his suit is founded upon rescission of the contract and that upon this theory the cause of action accrued in Escambia County since this is the place where he elected to rescind the contract and cites Croker v. Powell[3] as primary authority for this position. The Croker case involved a suit by a Duval County attorney against a Palm Beach County resident for an alleged anticipatory breach of contract which called for the performance of professional services on the attorney's part. The Supreme Court concluded that: (1) Since the professional services contract contemplated partial performance of the contract in Duval County; (2) Since payment for performance was to be made in Duval County, the contract not providing a place of payment; and (3) When under these circumstances something in addition to a breach of contract, such as a rescission for an anticipatory breach of contract is needed to make a cause of action, rescission having occurred in Duval County  the cause of action may accrue where the plaintiff resides. Such circumstances are not present in the instant cause. Here plaintiff purchased and paid for a chattel in Broward County; the contract was complete  there was nothing left to be done by either party.
To rescind a contract is not merely to terminate it, but to abrogate and undo it from the beginning. In the instant cause the beginning according to the complaint was in Broward County, Florida. Before there can be any "rescission", there must be a contract completely formed and in force, or at least provisionally binding on the parties. The contract here considered was completely formed and the parties bound in Broward County, and the breach, if any, occurred in Broward County. It is not every breach of contract which authorizes a rescission, the injured party being generally required to seek damages as a remedy.[4] The grounds on which equity interferes for cancellation or rescission are distinctly marked, and every case proper for this branch of its jurisdiction is reducible to a particular head. These grounds are primarily, fraud, mistake, turpitude of consideration, and circumstances entitling him to relief on the principle of quia timet. The rule is well settled in this country that cancellation or rescission will not be granted for breach of contract, in the absence of fraud, mistake, undue influence, multiplicity of suits, cloud on title, trust, or some other *412 independent ground for equitable interference.[5]
Venue statutes are for the protection of the defendant where the action is personal or transitory, and unless waived, the statute grants to the defendant the privilege of being sued either in the county of his residence[6] or in the county where the cause of action accrued.[7] The primary cause of action, (if any), i.e. breach of contract and warranties coupled with fraudulent misrepresentation relied upon by appellee, accrued in Broward County, and venue under this ground, lay in Broward County.[8]

WHERE THE PROPERTY IN LITIGATION IS LOCATED
Appellee next contends that since the vessel is now located in Escambia County, venue has followed the vessel to that location, and that along with other relief prayed for, he is seeking to impose an equitable lien, which may be asserted against the property being litigated. The established rule for imposition of an equitable lien is that the property in litigation must be in the possession of the defendant,[9] which is not the case here. Appellee in an attempt to obviate said rule indulges in the mental gymnastics that since he has rescinded the contract, he has by that unilateral action been transformed into an unwilling bailee for defendants. This is not an in rem proceeding; it is a transitory action. The theory of equitable lien as advanced by appellee in his complaint does not place venue in Escambia County. As stated above, the complaint is primarily for breach of alleged oral warranties, fraud and deceit with rescission being the form of equitable relief sought. Venue is not a vehicle that rolls around on wheels nor a vessel that sails the borders of the state. Venue cannot be hauled from county to county like a sack of potatoes upon the theory of "where the property in litigation is situated" especially in an instance such as here, where the basic cause of action, if any, accrued where the purchase and sale of the used chattel was consummated.
The chancellor, after deciding that venue was in Escambia County proceeded to consider defendant's motion to dismiss the complaint for failure to state a cause of action and denied said motion. In view of our conclusion that venue was improperly held to be in Escambia County, it necessarily follows that the chancellor should not have considered and passed upon defendant's motion to dismiss for failure to state a cause of action. It is emphasized that this court has not considered the merits of said motion.
This cause is remanded with directions to transfer same to the Circuit Court of Broward County[10] with leave to the defendants to renew their motions to dismiss in that court.
STURGIS, C.J., and WIGGINTON, J., concur.
NOTES
[1] 34 Fla.Jur., Venue, § 4, p. 8.
[2] Sections 46.01, 46.04, Florida Statutes, F.S.A.
[3] Croker v. Powell, 115 Fla. 733, 156 So. 146 (1934).
[4] Black on Rescission and Cancellation, 2nd Edition, Vol. 1, §§ 1, 2, 5.
[5] International Realty Associates v. McAdoo, 87 Fla. 1, 99 So. 117 (1924).
[6] See § 46.04, Florida Statutes, F.S.A., for privilege of domestic corporations.
[7] Peterson v. Kirk, 103 So.2d 656 (Fla. App.2d, 1958).
[8] See McMullen v. McMullen, 122 So.2d 626 (Fla.App.2d, 1960).
[9] Jones v. Carpenter, 90 Fla. 407, 106 So. 127 (1925).
[10] Section 53.17, Florida Statutes, F.S.A.