WIGGINTON, Judge.
Appellant has appealed a final decree rendered by the Circuit Court of Leon County, In Chancery, which denied him any share of the reward offered by the State of Florida for information leading to the arrest and conviction of the party or parties responsible for the disappearance of Judge C. E. Chillingworth. It is contended that the chancellor misconceived the legal effect of the evidence and applied thereto an incorrect principle of law in finding and holding that appellant was not entitled to all or a portion of the reward.
This interpleader action was instituted by the State of Florida, through its proper officials, for the purpose of seeking an adjudication as to the person or persons entitled to the above-mentioned reward of $100,000.00. All persons, including appellant, who were known to have or assert any claim to the reward, or any portion thereof, were joined as defendants in the action. The amount of reward was deposited in the court registry and the State of Florida was discharged from any further obligation or responsibility with respect to the subject matter of the cause. The various claimants filed their claims asserting entitlement to all or such part of the reward fund as the court may deem them entitled. Upon consideration of the evidence adduced during the trial the chancellor entered his decree finding that three of the claimants were entitled to receive the entire reward in the proportions fixed in the decree. It was further decreed that appellant Chester was not entitled to any part of the reward, and his claim was therefore disapproved and rejected.
On June 15, 1955, Honorable C. E. Chil-lingworth, a distinguished jurist of the State of Florida, together with his wife, mysteriously disappeared from their home in Palm Beach County. An extensive investigation surrounding their disappearance was instituted and carried forward by the law enforcement officers of Palm Beach County and the State of Florida. As a result of this investigation it became evident that Judge Chillingworth and his wife had been murdered, and that three men were primarily responsible for the crime, to wit: Joseph A. Peel, Jr., Floyd A. Holzap-fel, and George David (Bobby) Lincoln. The evidence reveals that despite the complete information obtained by the law enforcement officials regarding the facts and circumstances surrounding the murder event, and the complicity of the three above-named men in the perpetration of the crime, the State nevertheless continued its investigation without charging or arresting any of the suspects awaiting the time when further evidence might be developed which would assure a successful prosecution and conviction.
- The Florida legislature, in its regular 1957 biennial session, enacted a law which provides in pertinent part as follows:
“Section 1. A reward of one hundred thousand dollars ($100,000.00) is *106 hereby established for information leading to the arrest and conviction of the party or parties, or any of them, responsible for the disappearance of Judge C. E. Chillingworth.”[1]
It was while the investigation of this case was in progress that appellant Chester, a duly licensed and practicing attorney of West Palm Beach, was employed to represent the interest of the above-mentioned Lincoln who was then incarcerated in the Federal Correctional Institution at Tallahassee. Appellant visited Lincoln at the latter’s request in reference to the Chilling-worths’ disappearance and murder. On this occasion Lincoln made a full and complete disclosure to appellant of the facts and circumstances surrounding the murder of Judge and Mrs. Chillingworth, and of his participation in that crime. Lincoln further disclosed to appellant Holzapfel’s and Peel’s participation in the murder and thereupon requested appellant to take this information and do with it what he could for Lincoln’s best interest. Appellant agreed to the request made of him by his client, and stated that he would contact the state attorney at West Palm Beach regarding the matter. It was agreed at that conference that if it were not inconsistent with his duty as a lawyer, appellant would claim the reward offered by the State in connection with the Chillingworth murder. Following the conference appellant promptly conferred with the state attorney on two or more occasions on behalf of his client Lincoln with the result that an agreement was reached whereby Lincoln would turn State’s evidence and testify fully, fairly and truthfully on behalf of the State jn the prosecution of Plolzapfél and Peel for the murder o'f Judge and Mrs. Chillingworth, in exchange for immunity from prosecution for either of said crimes and also for the crime of having murdered a third person. Lincoln was subsequently transferred to Palm Beach County where he made a full and complete written disclosure of the facts surrounding the crime. Lincoln’s testimony as an eyewitness ■ was the final link of evidence needed by the State to assure the successful prosecution and conviction of Peel and Holzapfel for the Chillingworth murders. After the latter two suspects were arrested and Holzapfel learned of Lincoln’s confession, Holzapfel likewise confessed his complicity in the crime and pleaded guilty to the indictment brought against him charging murder in the first degree. It was upon the testimony of both Lincoln and Holzapfel that Peel was subsequently tried and convicted of murder in the first degree, with the recommendation of mercy.
Based upon the foregoing evidence the trial court reached the following finding and conclusions, to wit:
“It seems clear that the information furnished by claimant Chester, as reflected in Lincoln’s confession and turning of state’s evidence, was not furnished in response to the reward offer but furnished in response to his sacred and solemn duty to his client, Bobby Lincoln. Irrespective of the reward, it was the duty of claimant to 'use every endeavor in his power’ in behalf of his client. Apparently, the information furnished by Chester was furnished in an effort to save Lincoln from evident doom. As a matter of law, the reward in nowise could have influenced, changed or altered the effort, duty or responsibility of Chester to his client and was, therefore, no inducement and no consideration for the information furnished by him. ' Moreover, the state has already paid in full and to the utmost extent for such information by granting Lincoln immunity against prosecution in three separate and distinct murder cases.
“It follows, therefore, that Chester did nothing beyond the scope of his legal duty in the defense of his client Lincoln and is, therefore, not entitled to participate in the reward offered by the *107 state for which he has made claim in this proceeding.”
We have carefully considered the evidence and the authorities on which appellant relies to demonstrate reversible error. It is our conclusion that the chancellor neither misconceived the legal effect of the evidence nor applied to it an incorrect principle of law in reaching his conclusion that appellant was not entitled to share in the reward.
From our consideration of this case we conclude that it was not the information furnished by appellant to the state attorney regarding Lincoln’s participation in and knowledge of the facts surrounding the disappearance of Judge Chillingworth which led to the arrest and conviction of the perpetrators of the crime. All facts related by appellant to the state attorney were already known to the law enforcement officers working on the case, including Lincoln’s participation in the crime. It was the willingness of Lincoln to testify on behalf of the State in return for immunity from prosecution which enabled the State to successfully prosecute and convict Holzapfel and Peel. The only services of value rendered by appellant were to his client as a result of which his client received immunity from prosecution in return for his testimony. For these services appellant was or is presumed to have been compensated under his contract of employment with Lincoln. Appellant performed no services nor furnished any information beyond that performed and furnished in representing his client which could be said to have led to the arrest or conviction of those charged with the crime. A different situation would be presented if the evidence revealed that appellant, after gaining information concerning the crime from his client, used that information in discovering and developing other evidence or information which would have been of value to the law enforcement officers in securing the arrest and conviction of the criminals.
There is another cogent reason why appellant failed to demonstrate his entitlement to all or a part of the reward. The primary purpose which motivated the State of Florida in offering the reward in question was to induce those having knowledge of the crime to develop and then divulge that knowledge to the law enforcement authorities, thereby making available to them information not otherwise obtainable. As said by the Supreme Court of Alabama in Mosely v. Kennedy [2]:
“We think it clear that the reward allowed by the aforesaid section * * * is a reward to spur individual initiative and diligence, whether the individual acts in an official or private capacity. * * * ”
It is clear from this record that the only knowledge of the Chillingworth crime possessed by appellant was divulged to the law enforcement officers in the discharge of his duty to his client, Lincoln, which duty he was ethically bound to discharge regardless of whether a reward had been offered by the State. It is equally clear that the availability of the reward provided by the statute had no effect on spurring the individual initiative and diligence of appellant in the premises. He owed his client all of the initiative and diligence which he possessed in rendering the legal services he was obligated to perform irrespective of whether the possibility existed for him to share in the reward. We are of the view that the conclusion reached by the chancellor was the correct one, and the decree should not be disturbed.
For the reasons above stated the decree appealed is affirmed.
STURGIS, C. J„ and CARROLL, DONALD K., J., concur.

. Chap. 57-620, Laws of Florida, 1957, Vol. 1, Part 2.

. Mosely v. Kennedy, (1944) 245 Ala. 448, 17 So.2d 536, 537.