PER CURIAM.
Defendants-appellants take this interlocutory appeal to review an order denying their motion to dismiss the amended complaint of the plaintiffs-appellees for failure to state a cause of action.
Their previous complaints having been dismissed without prejudice, plaintiffs filed an amended complaint which, in essence, alleged the following: That plaintiffs obtained a judgment in 1962 against the defendants, Street and Greenfield; that, on November 14, 1967, the defendants formed Comutrix Corporation and each defendant was issued 172,000 shares of common stock; that defendants were president and secretary-treasurer and members of the board of directors thereof; that, on November 21, 1969, plaintiffs entered into an agreement whereby defendants, in exchange for plaintiffs executing a satisfaction of judgment, would transfer to the plaintiffs 15,000 shares of Comutrix common stock within 30 to 60 days and, in addition, would provide a certified copy of a resolution of the Comutrix board of di *884 rectors consenting to register these 15,000 shares of stock at the sole expense of Com-utrix and see to it that the registration would take place within twelve months of the date of the agreement. Thereafter, plaintiffs executed a satisfaction of judgment. Nevertheless, defendants failed to deliver the stock within the required time and further failed to get the stock registered. That, as of April 15, 1970, Comu-trix corporation was void and inoperative [due to non-payment of taxes] ; that defendants therefore were enriched unjustly by receiving a satisfaction of judgment without having provided any consideration to the appellees; that, because of defendants’ failure to obtain registration of the stock, plaintiffs could not sell the stock, and that the defendants wilfully and intentionally misled the plaintiffs as to: (1) the value of the stock, and (2) their representation that they would obtain registration thereof within one year. The complaint prayed that the agreement be cancelled and the satisfaction of judgment be set aside.
We are of the opinion that the amended complaint states a cause of action and, therefore, we affirm the order of denial herein appealed.
It is basic that for the purpose of passing on a motion to dismiss all material allegations are taken as true, as well as all reasonable inferences therefrom. See: 25 Fla.Jur., Pleadings, § 127 (1959) and cases cited therein.
A breach of a dependent covenant amounts to a breach of the entire contract and gives to the injured party a right to seek rescission in equity, if a remedy at law will not be full and adequate; for where at the time of the execution of the contract the party promising to perform an act in the future has a secret undisclosed intent not to carry it out but fraudulently represents that he will perform as an inducement to the other party to enter into the contract, such fraud is a ground for rescission in equity regardless of whether the act to be performed constituted entire consideration. Steak House, Inc. v. Barnett, Fla.1953, 65 So.2d 736.
Viewing the material allegations of the complaint and the reasonable inferences therefrom, we believe that although the defendants’ failure to obtain registration of the Comutrix stock and their misrepresentation as to the value thereof did not go to the entire consideration of the agreement in the case at bar, it did constitute such an indispensable part of the agreement that plaintiffs would not have entered in the subject contract without it.
Accordingly, the order herein appealed is affirmed.
Affirmed.