360 So.2d 471 (1978)
DUNCAN PROPERTIES, INC., a Corporation, Appellant,
v.
KEY LARGO OCEAN VIEW, INC., a Florida Corporation, Appellee.
No. 77-686.
District Court of Appeal of Florida, Third District.
July 11, 1978.
Horton, Perse & Ginsberg and Mallory H. Horton, Miami, for appellant.
McCaughey, Knaust & Evans and Barry J. McCaughey, St. Petersburg, for appellee.
Before PEARSON and HENDRY, JJ., and CRAWFORD, GRADY, L. (Ret.) Associate Judge.
*472 HENDRY, Judge.
Appellant/plaintiff appeals from a final judgment rendered in favor of appellee/defendant. In sum, the final judgment dismissed with prejudice appellant's complaint to foreclose a certain mortgage executed by the parties and entered judgment on appellee's counterclaim for rescission of said mortgage.
Factually, this proceeding commenced upon appellant's filing of an action for the foreclosure of a purchase money mortgage (secured by a promissory note in the sum of $250,000.00) on real property located in Monroe County, Florida. Appellee answered the complaint by denying any default under the note and mortgage. In addition, appellee filed affirmative defenses which, inter alia, alleged that as consideration for the payment at time of closing of some $50,000.00, appellant was to release to appellee two of the fourteen acres the latter had purchased from the lien of the mortgage. It was alleged that appellant had refused to do so, and that such refusal amounted to a failure of consideration, thus relieving appellee of its obligation to pay the note. Appellee also filed a counterclaim for rescission of the note and mortgage based upon the aforementioned failure of consideration.
After discovery and pretrial conference, the cause proceeded to a non-jury trial. At its conclusion, the chancellor entered a final judgment in which the court found (1) that upon closing, appellant was to release the two acres of property from the effect of the mortgage and that said release was an essential element of the consideration from the purchase of the property; (2) that as such, the release amounted to a dependent covenant to the agreement; (3) that appellee had failed to make any payments on the note; and (4) that no adequate remedy existed at law to rectify the situation.
Based upon the above findings, the chancellor ordered that the mortgage foreclosure action be dismissed with prejudice and that appellee be permitted to rescind and/or cancel the note and mortgage. In addition, as a corollary to the rescission, and in an attempt to restore the parties to the status quo, the chancellor awarded appellee $64,276.90 on its counterclaim which represented the return of the $50,000.00 down payment, as well as various closing costs and expenses. Petition for rehearing was filed and subsequently denied, and this appeal follows.
While four points have been raised on appeal, we believe that the gist of appellant's contentions can be stated as follows:
Whether the record will support appellee's counterclaim for rescission and/or cancellation of the note and mortgage.
Based upon our analysis of the record, together with the applicable case law, it is our opinion that the equitable remedies of rescission and/or cancellation were not available to appellee. We explain.
Generally, in order to sustain an action for rescission, one must allege grounds amounting to fraud, misrepresentation, overreaching or undue influence. Richard Bertram & Co. v. Barrett, 155 So.2d 409 (Fla.1st DCA 1963). These allegations were absent from appellee's counterclaim. Rather, appellee sought rescission solely upon the basis of a want or failure of consideration. Generally, without the accompaniment of one of the aforementioned grounds, want or failure of consideration will not suffice to permit a cancellation or rescission of an instrument. Rennolds v. Rennolds, 312 So.2d 538 (Fla.2d DCA 1975); 5 Fla.Jur. Cancellation, Reformation, Etc. § 26. The usual remedy for failure of consideration, standing alone, is an action at law for damages. Richard Bertram & Co. v. Barrett, supra; Rennolds v. Rennolds, supra.
Notwithstanding the above generalities, however, the chancellor found that, sub judice, the failure of consideration (failure to release the two acres of land from the mortgage lien) also amounted to a breach of a dependent covenant. When a failure of consideration also amounts to a breach of a dependent covenant to an agreement, then said failure of consideration might give rise to the remedy rescission. Street v. Sugerman, *473 307 So.2d 883 (Fla.3d DCA 1974). The determinative factor is whether or not a full and adequate remedy at law exists. Steak House, Inc. v. Barnett, 65 So.2d 736 (Fla. 1953); Street v. Sugerman, supra.
While appellant strenuously argues that the covenant in question was independent, rather than dependent, the chancellor's findings have not been shown to be clearly erroneous. Mogee v. Haller, 222 So.2d 468 (Fla.1st DCA 1969). Rather the question of whether or not a particular covenant in a contract is dependent or independent usually is grounded upon the intent of the parties to the contract. Mease v. Warm Mineral Springs, Inc., 128 So.2d 174 (Fla.2d DCA 1961). Intent being factual in nature, we will not substitute our judgment for that of the chancellor's. Ates v. Yellow Pine Land Co., 310 So.2d 772 (Fla.1st DCA 1975). Therefore, for the purposes of this appeal, we must recognize the covenant as dependent and determine whether or not an adequate remedy exists at law for any damages occasioned by appellee from the covenant's breach.
Based upon our review of the record, in light of the briefs and aided by oral argument of counsel, it is our opinion that appellee possessed an adequate remedy at law for damages occasioned by appellant's breach of the dependent covenant. The rescission or cancellation of a deed and mortgage is a harsh remedy not generally favored by the courts. Rennolds v. Rennolds, supra. In the instant case, resort to such a remedy was unnecessary as damages, if any, were ascertainable.
Accordingly, the final judgment appealed from is hereby reversed and remanded with directions to reinstate the foreclosure proceedings and permit appellee to assert a counterclaim for damages in lieu of its claim for rescission.
Reversed and remanded with directions.