366 So.2d 157 (1979)
George SLATTERY, Appellant,
v.
WELLS FARGO ARMORED SERVICE CORP., Appellee.
No. 78-1021.
District Court of Appeal of Florida, Third District.
January 16, 1979.
Orr, Nathan & Williams, Miami, for appellant.
Fowler, White, Burnett, Hurley, Banick & Knight and Fred R. Ober, Miami, for appellee.
Before PEARSON, HENDRY and BARKDULL, JJ.
*158 PER CURIAM.
Appellant/plaintiff, a licensed polygraph operator, appeals from an "order granting summary judgment and summary final judgment" rendered in favor of appellee/defendant Wells Fargo Armored Service Corp., in an action wherein appellant claimed and was denied the following reward offered by appellee:
"$25,000 REWARD"
"Wells Fargo Armored Service Corporation of Florida announces a reward of up to $25,000 for information leading to the arrest and conviction of the person or persons participating in the shooting of a Wells Fargo agent, the subsequent robbery which occurred on Saturday, February 22, 1975 at Miami, Florida, and the recovery of valuables lost as a result of this occurrence."
"Information should be directed to Wells Fargo Armored Service Corporation of Florida, P.O. Box 011028, Miami, Florida 33101, Telephone Number (305) 324-4900. The person or persons to whom the reward or any part thereof should be paid will be determined by the Board of Directors of Wells Fargo Armored Service Corporation of Florida."
Appellant contends that he was entitled to the reward by virtue of his questioning of the perpetrator of the crime during a polygraph examination on an unrelated matter. Such questioning, which occurred on two separate days, eventually resulted in a statement by the perpetrator that he had shot and killed the Wells Fargo guard, which ultimately led to his conviction and sentence for the crime. Appellant argues that, but for his expertise in interrogation and the operation of a polygraph, the authorities would not have linked the perpetrator to the crime. Thus, appellant contends, he is entitled to the reward offered by appellee.
The trial judge, rejecting appellant's argument, entered summary final judgment in favor of appellee on the ground that the offer of reward was never accepted by appellant in that the performance called for by the terms of the offer had not been completed. In particular, the trial judge referred to a stipulation entered into by the parties whereby it was agreed that the stolen property belonging to appellee had not been returned. In that both requirements of the unilateral offer of contract had not been performed (the arrest and conviction of the perpetrator and the return of the stolen property to Wells Fargo) the trial judge determined that appellant had not accepted the offer and thus, no contract had been established. Therefore, the trial judge entered summary final judgment in favor of appellee.
After carefully reviewing the record on appeal, it is our opinion that summary judgment was proper, but not for the reason relied upon by the trial judge. Initially, it must be kept in mind that a reward is contractual in nature, requiring the acceptance of an offer supported by consideration. Sumerel v. Pinder, 83 So.2d 692 (Fla. 1955). The trial judge based his ruling upon the reason that the terms of the offer amounted to dependent covenants, necessitating the performance of each as a prerequisite to an "acceptance." On the other hand, appellant argues that the covenants are independent of each other and acceptance of the offer of reward was completed upon the satisfaction of one covenant (the arrest and conviction of the culprit). Whether or not the conditions of the offer amounted to independent or dependent covenants is a factual question of intent, the resolution of which sub judice, was improper on motion for summary judgment. Duncan Properties, Inc. v. Key Largo Ocean View, Inc., 360 So.2d 471 (Fla. 3d DCA 1978); Mabry Corporation v. Dobry, 141 So.2d 335 (Fla. 2d DCA 1962). As such, the entrance of summary final judgment for the above reason was incorrect, as the record revealed an issue of fact as to the intent of appellee in making its offer of reward.
The record, however, additionally reveals the following facts which do support the entrance of summary judgment. Firstly, while appellant was an independent contractor, *159 during the polygraph interrogation he was employed by either the office of the State Attorney or the Dade County Public Safety Department and was paid for his services on an hourly rate. Further, while so employed, appellant was under a duty to provide his employers with any and all information ascertained by him through interrogation which might be of aid to the State Attorney or Public Safety Department in their capacity as law enforcement agencies.
Secondly, the record demonstrates that through the first day of interrogation, appellant was unaware of the offer of reward. Only on the second day of questioning did appellant have the knowledge that a reward had been offered by appellee. On that second day, the perpetrator of the crime confessed prior to the actual interrogation by appellant.
The law is well settled in this state that before a reward is entitled to be collected, the offeree must have knowledge of the existence of the offer of reward. Sumerel v. Pinder, supra, see generally Annotation, 86 A.L.R.3d 1142, Knowledge of Reward as Condition of Right Thereto (1978). Sub judice, appellant had no knowledge of the reward until the second day of questioning, at which time the perpetrator confessed prior to any interrogation. On this basis alone, summary judgment would have been proper.
We, however, choose to uphold the summary judgment on the ground that appellant was under a pre-existing duty to furnish his employers with all useful information revealed to him through interrogation of the perpetrator. Thus, when appellant "accepted" the offer of reward by furnishing information to the authorities, he was doing no more than he was already bound to do as part of his employment. The performance of a pre-existing duty does not amount to the consideration necessary to support a contract. Brinson v. Herlong, 121 Fla. 505, 164 So. 137 (1935); 7 Fla.Jur. Contracts § 48. As such, no contract was formed.
Further, as a corollary to the above and as a matter of public policy, it is our opinion that to allow appellant to recover a reward for the furnishing of information to the authorities, when he was under a duty to furnish such information as part of his employment, would be tantamount to undermining the integrity and the efforts of those involved in law enforcement. See Davis v. Mathews, 361 F.2d 899 (4th Cir.1966); Chester v. State, 176 So.2d 104 (Fla. 1st DCA 1965); 67 Am.Jur.2d, Reward § 15; American Law Institute, Restatement of the Law of Contracts 2d (Tentative Draft) § 76A.
Accordingly, as no genuine issues of material fact were left unresolved, and as it affirmatively appears that appellee was entitled to judgment as a matter of law, the summary final judgment entered in favor of appellee is hereby affirmed.
Affirmed.