# Third District Court of Appeal

## State of Florida

Opinion filed March 20, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-0723
Lower Tribunal No. 14-21638
_____


**S. Patrick Dray, etc.,**
Appellant,

vs.

**Tamar Duffner Shendell, etc., et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Friedman & Frost, P.L. and Paul D. Friedman and Alexander A. Salinas, for appellant.

Shendell & Associates, and Lawrence A. Shendell (Deerfield Beach); The Haralson Law Firm, P.A., and Paul Haralson, for appellees.


Before FERNANDEZ, LINDSEY, and MILLER, JJ.

MILLER, J.

As the undisputed record evidence presented below firmly established that the now-deceased settlor, who sought rescission of an irrevocable trust, was subject to no coercion, fraud, misrepresentation, overreaching, or undue influence in his execution of the trust documents, and the essential elements of unilateral mistake failed, the trial court properly granted summary judgment in favor of appellees. See Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Benton, 467 So. 2d 311, 312 (Fla. 5th DCA 1985) ("[A] party who voluntarily executes a document . . . is bound by its terms in the absence of coercion, duress, fraud in the inducement or some other independent ground justifying rescission."); see also Duncan Props., Inc. v. Key Largo Ocean View, Inc., 360 So. 2d 471, 472 (Fla. 3d DCA 1978) ("Generally, in order to sustain an action for rescission, one must allege grounds amounting to fraud, misrepresentation, overreaching or undue influence.") (citing Richard Bertram & Co. v. Barrett, 155 So. 2d 409 (Fla. 1st DCA 1963)); DePrince v. Starboard Cruise Servs., Inc., 43 Fla. L. Weekly D1734 (Fla. 3d DCA Aug. 1, 2018) (en banc) ("A contract may be set aside on the basis of unilateral mistake of material fact if: (1) the mistake was not the result of an inexcusable lack of due care; (2) denial of release from the contract would be inequitable; and (3) the other party to the contract has not so changed its position in reliance on the contract that rescission would be unconscionable."). Affirmed.